on behalf of Mr. Stevenson. Adam Deltafield on behalf of the people. All right, the appellant understands you have to reserve some time for your rebuttal. Yes, sir. I'd like to reserve two to three minutes for rebuttal. Okay, that'll be fine. Okay, you can proceed. May it please the Court. Again, Lindsay Anderson, Assistant Appellate Defender on behalf of Mr. Stevenson. Today I will focus on two issues primarily. First, the denial of the agreed motion for a continuance. Second, the lack of a proper crank appeal. Well, first tell us, how do we have jurisdiction here? Certainly, Your Honor. This Court is vested with jurisdiction in this case pursuant to Illinois Supreme Court Rule 606, which states that a notice of appeal filed before disposition of a timely motion has no effect and shall be stricken. This is the exact situation that we're dealing with here. The same day that counsel filed his motion to reconsider sentence, Mr. Stevenson also filed a timely pro se motion to reconsider sentence and notice of appeal. So are you taking the position that more than one can be filed? Your Honor, yes, more than one can be filed. Why can more than one be filed? It's within the discretion of the trial court to... Was it a matter of discretion that the trial judge exercise by calling the matter up for a ruling on that pro se motion? It was an exercise of discretion. Well, who precipitated the proceedings before the trial judge? Your Honor, upon receiving the appellate record, the State Appellate Defender determined that the pro se ruling did not have a... The pro se motion did not have a ruling, and we asked that the trial court... Why was the pro se motion of any import at all, given that counsel had filed a motion for reconsideration of the sentence? Was there something in the pro se motion that counsel's motion failed to address? Your Honor, counsel's motion was a boilerplate motion that essentially... Aren't most motions for reconsideration of sentence boilerplate? Certainly, Your Honor. And it really falls to appellate counsel to take advantage of that boilerplate motion and present an issue that arises based on the record. And so I don't understand why the appellate counsel's office felt the need to get a ruling on a pro se motion when counsel had done everything he was... He had a duty to do. Well, Your Honor, it's routine procedure that if there's a ruling... A motion without a ruling, we ask that the trial court ruled on it. What we thought would happen here, it would be a quick stamp, denied, and then there would be... Everything with jurisdiction would be wrapped up nicely, and there would be no question about it. Well, there was jurisdiction initially. The initial trial counsel filed the notice of appeal after getting the motion for reconsideration denied. There was jurisdiction then. Yes, Your Honor. There was jurisdiction then. Right. So you're just saying to properly get jurisdiction when the defendant already had his case before this court on an 08 number. Well, essentially how this all came to be is when we saw defendants pro se motion... We know how it came to be. We know exactly. The question is why did it come to be? What was the point behind the action from the State Appellate Defender's Office? If the concern of the State Appellate Defender's Office was that jurisdiction of this court might be called into question because it was an unresolved pending post trial motion, maybe. But the fact is that when you want to proceed under that possibility, there's always the flip side to that very concern, which is that we had proper jurisdiction, and to the extent that you're going to dismiss the original notice of appeal, you may be giving up our jurisdiction because we don't have, we may not have jurisdiction based on the second notice of appeal. Well, so you're sort of caught between a rock and a hard place, but that's what lawyers do, and they exercise their judgment. I don't just have to question the judgment that was exercised in this case. Your Honor, I'd like to point you to People v. Seria, which is very factually similar to the case at bar. In that case, defense counsel had filed a notice of appeal and a post sentencing motion. Defendant then filed a pro se motion alleging ineffectiveness. The trial court said it lacked jurisdiction and would not hear the motion. However, the appellate court found that the trial court has jurisdiction to rule on a successive post judgment motion. Well, isn't that a crankle? It's because of ineffective assistance of counsel. It was a crankle motion. It's treated differently than other post trials. Pro se. And we're not even talking about a post trial motion. We're talking about a motion challenging the sentence that was imposed. What more do you really, how many of those sort of motions should be filed by a single party? Well, Your Honor, I think the answer to that question lies in the fact that the trial court did have discretion to hear this issue. When we look at cases like Coro, the decision to grant or deny hybrid representation and hear additional pro se motions lies with the trial court. We understand the trial court may have had discretion. The question is, did the trial court, did what your office did take away the jurisdiction that we had in this case by virtue of the dismissal of the original notice of appeal that was filed, given an 08 number. This second notice of appeal was given a 09 number because the ruling on the pro se motion for reconsideration of sentence didn't happen for a year later. I understand what you're saying, Your Honor. And I think a good quote from Serio goes exactly to this point. Focusing on appellate jurisdiction versus trial jurisdiction is sort of a red herring because the trial court had jurisdiction to do what it did. It had a timely filed motion in which it had discretion. What if the trial judge had simply said, duplicate motion, I'm not going to consider it, I'm not going to rule on it? Then we would have proceeded. What if he had said that at the end, at that year late hearing? What if he had said that instead of ruling on it substantively? Where would you be then? We'd be here, Your Honor. You'd be here only because you hadn't dismissed the first notice of appeal action. But you decided that the trial judge was right and that decision by the trial judge imposes upon us the jurisdiction that we need to rule on a motion. And I'm not so sure that that is a valid position to take. Well, Your Honor, even if you don't consider that it is a timely filed motion, that the notice of appeal under Supreme Court jurisdiction is a timely filed motion, we do have the doctrine of revestment, which shows that the court or the State actively participated in not one but two hearings on this issue. There was no objection. Let me ask you about the doctrine of revestment. It seems to me that the doctrine of revestment concerns a circuit court acquiring jurisdiction after it lost it. I don't think that the doctrine of revestment concerns an appellate court's jurisdiction acquired by virtue of a notice of appeal and then a decision by one party to dismiss that notice of appeal and proceed on a subsequent notice of appeal. And that subsequent notice of appeal is far, far tardy from the point that the proceedings below really ended. And they really ended when a judgment was entered. And that judgment was entered in 08, not in 09. So the doctrine of revestment may not really come to any aid of the defendant in this case. Well, Your Honor, should this Court come to the conclusion that the appellate offender did make a mistake, we would seek to confirm that. And if that needs to be the case, then that's what it is. I hope the whole point is, though, you know, it seemed that your office was concerned about doing all this work when there was a pro se motion pending and unresolved. Quite the opposite may have happened. You may have done all that work and simply go back to the position that you were in originally. And that's our concern. I understand your concern, Your Honor. And the reason we did what we did is because we felt the defendant had some valid points in his pro se motion that counsel did not address. It would have preserved rights for appeal. That's why we did what we did. It's routine practice in our office to do what we did. And as I mentioned, if you're not prepared to find jurisdiction, we are prepared to seek that supervisory order. And I think there are some real issues on appeal here that I'd like to address, if you're willing to hear arguments. Absolutely. It's your day. First of all, the trial court denied Mr. Stevenson the opportunity to investigate and fully present his defense. When it reflexively and mechanically denied an appeal, I question that characterization of reflexively and mechanically when here you are talking about this earlier issue when the trial judge exercised his discretion to rule on a pro se motion for reconsideration of sentence. And yet here you are challenging what is inherently a matter of discretion, and that is whether or not to grant a continuance. And yet you want to characterize it as a mechanical and unthinking decision by him. Well, Your Honor, I would point this court to People v. Walker. In that, the Illinois Supreme Court specifically stressed that there must be a record made of what factors the court considered in whether or not to deny or grant a continuance. Here, instead of going through an analysis of considering factors like the move in diligence, the trial, the interest of justice, the history of the case, which this case had only been pending for four months. Are you saying that without such a showing on the record, it is presumptively an abuse of discretion? Your Honor, Walker specifically held that a lack of a record in what factors the judge considered cannot be construed against a defendant. Quote, at issue is a defendant's constitutional right to a fair, procedurally sound trial which necessitates the making of a sufficient record to establish that a defendant has been afforded fair process. There they were specifically addressing that the trial court needs to consider these factors. They need to make record of it so that we can ensure that this decision to grant or deny continuance was made considering the facts, given the state's version of what occurred in that building. Your Honor, the allegation was police misconduct, which Mr. Stevenson alleged in an OPS complaint filed shortly after his arrest. But he took the stand and he presented his allegations. And to the extent that he could persuade on that, he had that opportunity. And I'm not sure I don't know if you're talking about prior consistent statements in the OPS record to reinforce his testimony at trial. I don't know where you're going with that. Well, Your Honor, the problem with denying the continuance was that defense counsel wasn't able to investigate this matter fully. There was medical records that could have supported this claim in addition to the OPS complaint, things that could actually substantiate what Mr. Stevenson was saying with regard to police abuse. Defense counsel never went into this line of questioning because he didn't have the proper information to do it. The theory of defense at trial was essentially Stevenson wasn't the person that did this. The only evidence linking him to this crime were the testimony of two officers. Now, if we're given... That's to the crime. But Mr. Stevens contended that these two officers that observed him inside the building were the officers that transported him to the police station. And we have testimony from other officers that absolutely contradicts that. Well, Your Honor, the arrest report at pages 86-90 of this record shows contradictory statements to what Mr. Officer Wagner testified to. We know that Officer Wagner actually took defendant to the hospital from the police station, so that wasn't the end of his contact with Mr. Stevenson. We know that Stevenson did receive treatment at a hospital. There is potentially a real issue here with regard to an allegation of police misconduct, a serious issue that both the state and defense counsel wanted to investigate with a continuance. Again, this issue had only been pending for a matter of months. We're not dealing with a situation that had been on call for years and years and years. We're not dealing with a delay tactic by the defendant, as the trial court noted. Did everybody know that the case was set for trial on that date that it came before the trial judge? Your Honor, yes. People did know that that case was set for trial. Did anyone file a written motion pursuant to Supreme Court rules regarding the need for a continuance supported by an affidavit? No, Your Honor. There was not a written motion, but there was concessions made by the parties to move forward with a continuance. In fact, they agreed to stipulate to the testimony of Joan Gavin, the complaining witness in this case, in order to facilitate a continuance. When we look at Walker, they noted that where it's a bench trial, where the witnesses are primarily police officers or state's attorneys, it's much easier to reschedule, and counsel should be at least given the opportunity to tell the court how much time they would need and attempt to get a continuance. Well, post-trial, after it was all over, did your office investigate it? Yes, Your Honor. Mr. Stevenson, on the date that he was brought in to argue his own accord, got his medical records, he attempted to file them with the trial court. And was that part of the post-trial motion? It was part of the motion he was trying to get before the court, which the court didn't allow him to do. Well, I had a question. Why wasn't the state appellate defender there? After you got the pro se motion set for hearing, he didn't do it. He let over a year pass after he filed it with nothing done on it. But then your office takes over the case, has it put on the call, the judge dismisses it, you have it put back on the call, you know the date that he's going to be there, and then you don't show up as his lawyer to attempt to file anything else. Why did that happen? Well, respectfully, Your Honor, we're not statutorily authorized to represent a defendant in the trial court. Well, you were able to put something on the trial court call. Yes, Your Honor. The State Appellate Defender's Office has protocol established with the appellate court, with the trial court, to try and manage cases efficiently. That's how that was able to happen. Again, we're not authorized to represent someone at the trial level. And once Stevenson was there, it was the trial court's duty to ensure that he had counsel or waived counsel. Well, he has filed a pro se motion. Yes, but at least at a minimum, the issue of waiver should have just been brought up, discussed, make sure that it's voluntary and knowing waiver. We don't have any of that here. I thought your position was in your brief that it was a valid post-trial motion regarding sentencing because he no longer had counsel because counsel's representation ended in 08 and therefore he could proceed on a validly filed pro se motion. But now you seem to be switching tactics here and now claiming that he should have had counsel at that 09 hearing. Your Honor, we're not switching tactics. All we're trying to say is that there should have been a valid waiver to ensure that he was proceeding pro se. There's no issue of informing defendant that he had a right to counsel, that he was knowing and voluntarily waiving counsel. None of that's done here. Who would have been his counsel? We know the State Appellate Defender would not have been his counsel. Your Honor, I'm sure that they would have appointed a public defender or perhaps defendant would have waived his right to counsel and proceeded pro se, but we don't have the trial court ensuring his Sixth Amendment right to counsel in this case, which should have occurred, because this was a critical stage at which... So he has a Sixth Amendment right to counsel on a second motion for reconsideration sentence or does he only have a right to counsel on the first motion for reconsideration of sentence? When the trial court within its discretion brings a defendant before it, it has to ensure that his right to counsel is protected. That's our position, that the trial court acted within its discretion and brought him to court. So in so doing, he has to ensure that Stevenson's right to counsel is protected. Here we don't have that happening. In fact, there's 28 pages of discussion between Stevenson and the court without any mention of waiver. You may want to save some of your time for rebuttal. Yes, Your Honor. In conclusion, Stevenson respectfully requests a new trial pursuant to Argument 1, a remand for a proper Krankel hearing where all of his claims of ineffectiveness are addressed, specified and supported, and at the minimum, a remand for a post-sentencing hearing with counsel or proper waiver thereof. Thank you, Your Honors. Doctrine assertion by the defendant, which might not even be before us, had your office objected to that ruling on the merits in 09 when the record on its face shows that a valid notice of appeal was filed in 08? Why didn't your office object? From a practical standpoint, Your Honor, the record shows that the appellate defendant's office appears to have sent the service they served the trial court. And indeed, it wasn't actually the prosecutor that did the trial that was at that hearing. So from a purely practical standpoint... Don't all prosecutors read the record in the same way? And doesn't the record show exactly what you've just asserted? What I'm saying from a practical standpoint, though, who was served was a trial prosecutor. So appellate prosecutors were not served on this, according to the record. And the trial prosecutor going in, he just went in to say that the original judgment should be sustained, which under revestment to begin with, he's not taking a position inconsistent with the merits of the former judgment. He's trying to say the former judgment is correct and should be sustained. So from his position in the trial court, who didn't even try this case... Did he say, Judge, I don't think you should actually even rule on the merits here and deny it in the exercise of your discretion. I think you should simply dismiss it as a redundant motion for reconsideration of sentence that really is no longer properly before you. No, Your Honor. He didn't make the jurisdictional argument. He simply said the court should... So why should we let you make that jurisdictional argument now? Well, the court has a duty to clarify that it does have jurisdiction in any case it is. Don't we all have duties? Right, Your Honor, but... Doesn't your office have a duty? Yes, Your Honor. All lawyers have duties. But if this court does not have jurisdiction, it doesn't have jurisdiction, it can't reach the issues. And this court lost jurisdiction when we find jurisdiction under revestment? No, Your Honor, you can't. Indeed, the People-Cited Case, People v. Gleeson, which shows a very similar procedural history to this case, and clearly there was no revestment there. The jurisdiction was lost. And furthermore, the people in participating in this sort of successive pro se motion to reconsider sentence, it wasn't raising any new issues. The court had already ruled on this issue. He wasn't being inconsistent with the prior judgment. He was asking for it to be upheld. And so no, and revestment, the case was placed as a very narrow doctrine. It doesn't apply to this case. Indeed, it's just too narrow, and jurisdiction was not revested in the trial court so that they could file a second notice of appeal. Revesting and re-divesting, revestment does not apply. But you acknowledge that that's an issue that is before us as to whether or not revestment applies here? Well, certainly. Every court has a duty to inspect to make sure it has jurisdiction, and defense counsel has raised the argument that it was revested. But under the case law, it's quite clear that revestment does not apply. The narrow doctrine it is. And under Rule 606, it's clear that the notice of appeal that was perfected was the original one filed by trial counsel. Defense counsel dismissed that. This court lost jurisdiction. And certainly that notice of appeal was properly perfected. The defendant had no right to file that pro se motion to reconsider sentence in his own notice of appeal, and they were successive, and they didn't raise any new issues. And you probably are aware of the history of the Illinois Supreme Court in terms of reinstating jurisdiction or revesting the court, the appellate court, with jurisdiction once we determine that there isn't. They certainly have been inclined to tell us to address an appeal on the merits, even when we've decided that it doesn't have jurisdiction. Should that happen here, what do you think, if that request is made of the Supreme Court, what do you think the outcome will be? Well, Your Honor, obviously I can't speak to what the Supreme Court's ultimate decision would be, but defense counsel is a matter here today. This court does not have jurisdiction to hear the issues before it, and this appeal should be dismissed. And defense counsel, if they wish to seek remedy, they may do so with the Supreme Court of Illinois. But for today, there's no jurisdiction. But for argument's sake, if indeed this court were to find that it has jurisdiction, I would respond to the issues raised in appellant's brief and today at oral argument. Defense argues that their motion for a continuance was denied. However, the record shows that this was the people's motion for a continuance. The people were informed on the day of the trial the defendant had made a complaint to the Office of Professional Standards, I suppose an ombudsman of some sort, four months prior to the trial. So this motion for a continuance on the day of trial was put forward by the people who wished to obtain that complaint. And indeed, defense counsel agreed that the people should be granted this time, but this was not... Didn't that make it a defense motion, too, once they joined the people's motion for a continuance? Well, the language joined doesn't appear there. It's that they're not objecting. They're agreeing this is a meritorious motion where the people are trying to have only just found out about this complaint the day of trial. And from the defense counsel's perspective, this makes no sense to have a continuance where it's the defendant personally who filed this complaint, I'm not sure if it's a letter, but a complaint of some sort with the OPS four months prior. And furthermore, there's nothing in case law or any authority, really, that suggests a defendant has standing to challenge the denial of a people's motion to continuance. He forfeited, obviously, this issue on appeal because he didn't preserve it. But really, fundamentally, he didn't preserve it because this was never his motion. He knew it was in the complaint. And he can never show any prejudice here where he knows the content. He didn't argue it when he testified. What about the concerns over the medical records? To begin with, the record isn't clear that defense counsel, the appointed public defender, wasn't aware of these medical records. Indeed, as mentioned, the arrest report mentions them. And during the ineffective assistance of counsel hearing, trial counsel said he discussed in detail with defendant the nature of this case. Defendant was very eager to go forward with trial. And there was never any suggestion that he didn't get these medical records or he didn't know. The only comment was defendant stated that he didn't subpoena all my records and medical records and whatnot. But the trial court, for one, found during that hearing that trial counsel had acted very well and had given a good deal of service and had fulfilled his duty. So the record doesn't support a finding that trial counsel was unaware of any medical issues. It supports a finding that trial counsel served the defendant throughout the trial in his proper capacity and, indeed, did due diligence. So as a general matter of medical records missing, for one, also the trial court mentioned that just in general nature of the charges, the people proved to be on a reasonable doubt. And these medical records were largely post-state burglary and wouldn't have reflected too heavily on the case. But certainly there's really no support in the record for what defendant's maintaining. And in denying this motion of continuance, if the court did wish to review it for abuse of discretion, the court has put on the record why it was being denied. And many of the reasons the court give also reflect that this was a people's motion, where the court was stating such things as defendant did not file the complaint as a delay tactic. Not that defendant was filing the motion for continuance as a delay tactic, but the complaint, where defendant knew about it four months ago. And the court mentioned that the state really did know about the complaint in a sense four months ago, because it was with the Office of Professional Standards, which is also related to the state. So really this was, on the record, on the face of it, is clearly a people's motion for continuance. And just through and through, the defendant has no standing to raise it. And it's just, it's been forfeited. And if this court does reach it, they should certainly uphold the court's use of discretion in that matter. Defendant also reached the argument in regards to the ineffective assistance of counsel claim, the Krenkel hearing. Certainly under Krenkel and Sprogeny, if a defendant makes a motion and starts arguing that he's received ineffective assistance at trial counsel, the court is bound to perform some sort of inquiry. Here, however, the inquiry was adequate where the trial judge went over the record, I mean, went over the motion itself the defendant had filed, and conducted a hearing where the defendant was allowed to air his grievances. The trial judge spoke to trial counsel, the defendant, and he spoke to the prosecutor, allowed the prosecutor to speak to it. And he responded to it all in detail and found that the only ineffective assistance of counsel claims being made were matters of trial strategy, and they were matters that were simply ultimately, fundamentally meritless in some sense for a number of them. And so the judge handled the ineffective assistance of counsel motion by defendant in a perfectly valid manner, and certainly is not manifestly erroneous to trial judge's findings that these were matters of trial strategy and ultimately meritless. And then in regards to the final issue that... Your position is that, in fact, Crancourt was followed. Indeed. Certainly we rely also on the cases Moore and Chapman, the two Supreme Court cases that show that it's sufficient where a trial judge has made inquiry and determined that they're only raising matters of trial strategy or fundamentally meritless issues, that the trial court can dismiss it without appointing counsel where they hold this oral inquiry into it and also review the motion. So the trial court complied with the edicts of Moore and Chapman, so certainly there was no error and it should be affirmed. And in regards to the last issue, that somehow there was at this... So, of course, there's been a year later there was this hearing, and as discussed right at the beginning, this hearing, the order coming from it was void, the hearing shouldn't have been held, and certainly the court shouldn't reach this. But if it were to, this successive pro se motion to reconsider sentence was not heard without counsel. Defendant had counsel. He had the appellate defender's office representing him. It's the defendant's office that did not appear in the court and did not move to appoint, to have the trial court appoint anybody else. So it's not that he had no counsel. What you appear to be saying is that the Well, certainly it's kind of an odd line to draw, that the appellate counsel can start filing motions with the trial court and arranging this hearing. It's a repeated motion to hear this, which had never been on call in the first place. And then when it comes forward, they don't make provisions to have defendant represented by a public defender or anyone, and they don't appear themselves. And then not only that, but in not appearing themselves, they then argue based on this, what was a void order, now the notice of appeal, they created a new issue where they're arguing that he didn't have any counsel. And so ultimately it just can't be accepted, this whole line of reasoning. And it's not a structural error. And under Burnett, it's shown that it's not even a lack of counsel, where you have counsel, but he just didn't show up when a motion to reconsider was denied. So certainly it doesn't speak to the fairness of this trial in any sense. And this court should begin by finding that it does not have jurisdiction. But if it should find jurisdiction, it should certainly affirm defendant's conviction and sentences on appeal. And it's for those reasons, and as stated in the People's Brief, that we request that this court find it does not have jurisdiction and, of course, affirm defendant's conviction and sentences. Thank you. Roboto. Four brief points in Roboto, Your Honors. First, the state relies on a civil case, Gleason, in support of its contention that this court does not have jurisdiction. However, Gleason is distinguishable in a key respect. There, there was a final verdict, notice of appeal filed, and sua sponte, four months later, the court decided to reverse its decision. That's not what we have here. Here we have a timely filed motion, the court had discretion to hear it, and it made a ruling. Second, the agreed motion for a continuance was, in fact, just that, something both the state and defense were seeking. We know this because in order to facilitate this continuance. Who actually brought up the matter of a continuance to the trial? Your Honor, the state did a majority of the talking on this point. However, we know defense counsel not only wanted this, but was trying to facilitate it through agreeing to stipulate to the testimony of Joan Gavin. Additionally, at the Krankel hearing, defense counsel stated that he went over trial strategy with the defendant, and defendant wanted to go to trial. We did not have any specifics over whether or not he investigated this serious allegation of police misconduct, and in fact, we know there's no way he could have, because he was asking for a continuance the day of trial to do just that. Under people versus more, the court. Well, the question becomes, had the state not asked for a continuance to get the OPS records? Do we have anything in the record that says that the defendant would have asked for that continuance? In the record, we have the fact that defense counsel, in addition to the state, asked for the continuance, that he said that he had just learned about this himself, and he wanted to investigate it. Well, you have in the record as well that the defense counsel talked extensively at some point down the line, perhaps, when his effectiveness was challenged, that he talked extensively with his client and was fully aware of what the allegations were regarding police misconduct, and decided he had sufficient information to go forward. But you're saying that he was wrong in his judgment? No, Your Honor, I'm not saying he was wrong in his judgment. I'm saying that contention by counsel is rebutted by the record, the clear record we have here, in which he says the day of trial, I just learned about this allegation of police misconduct. I need more time to investigate it. So the day of trial, he's saying he didn't investigate. The fact that somehow after trial he's magically come up with this information, it doesn't make any sense, and it shows that he did not get a fair trial, and Stevenson received ineffective assistance of counsel. Under People v. Moore, a defendant has the right to specify and support his claims of ineffectiveness. Here, Stevenson was not afforded that right when he was only able to argue that first claim regarding the police misconduct. This case should be remanded for a proper Krankel hearing on all of the issues he alleged, many of which were off the record and could not be discerned simply from the trial court's independent knowledge of this case, specifically the alibi and what factors went into Mr. Stevenson's decision to waive a jury trial. Thank you for your time, Your Honors. Thank you very much. The arguments were very interesting. Both sides did a very good job, and we'll take this case under advisement.